## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

2007 AUG -6 P 3: 25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| GAIL HAMM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 2:07-CV-711-MEF |
| | * | |
| BATES' HOUSE OF TURKEYS and | * | |
| BILL KATES, | * | |
| | * | |
| Defendants. | * | JURY DEMAND |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII"), which provides for relief against discrimination in employment on the basis of sex and unlawful retaliation in relation thereto.  The Plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4); 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 2000e-5(f)(3).

3.      The unlawful employment practices alleged hereinbelow were committed by the Defendant within Butler County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4.      The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III.    PARTIES

5.      Plaintiff, Gail Hamm, is a female citizen of the United States, and a resident of the State of Alabama.   Ms. Hamm was a former employee of the Defendant, Bates' House of Turkeys.

6.      Defendant, Bates' House of Turkeys (hereinafter "Bates") is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b). At all times relevant to this action, Bates has employed at least fifteen (15) or more employees.

7.      Defendant, Bill Kates (hereinafter "Kates") at all times material to this action, was employed by Bates.

## IV. ADMINISTRATIVE EXHAUSTION

8.      The Plaintiff has satisfied all conditions precedent required pursuant to Title VII.

9.      On or about October 20, 2006, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission, the "EEOC", (Charge # 420-2007-00376), in which she complained that the Defendants subjected her to sexual harassment and retaliation in relation to the terms, conditions and benefits of her employment.

10.     Plaintiff subsequently received an authorization to file a private action and is timely filing this complaint within ninety (90) days of receiving this authorization.

## V.     STATEMENT OF FACTS AND CLAIMS

11.      Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12.      The plaintiff, Gail Hamm, began working at Bates' House of Turkey on March 18, 2006.

13.      From the beginning of the plaintiff's employment, Bill Kates talked vulgar to her; and called women "bitches" and "fucking bitches" regularly within her earshot.

14.      On May 13, 2006, Bill Kates stated to the plaintiff, "Mrs 'G' your rubbing all over my cock". Both Pat Davenport and Dalton (LNU) heard him make the remark to the plaintiff.

15.      A day or two later, the plaintiff reported the sexually inappropriate and degrading comments and conduct of Bill Kates to Becky Bates, one of the owners of the company.

16.      Becky Bates' response to the plaintiff's complaints was that Kates "has crossed the line now."

17.      The plaintiff told Becky Bates that Kates' conduct was sexual harassment. Becky Bates' response was that she hated to terminate Kate because she attended church with his grandparents and that he would be leaving in a few weeks anyway.

18.      After the plaintiff made her complaints of sexual harassment, Bill Kates continued to greet her by saying "Hey Mrs. 'G' "How are you, you fucking bitch."

19.      On June 10, 2006, Bill Kates was standing in the cooler when the plaintiff attempted to get some milk from the cooler. Kates called the plaintiff a "bitch" and told her to get away. He then pushed the plaintiff, causing her to fall into the cooler bins.

20.      Approximately 30 minutes later, Kates began cursing the plaintiff, saying that she

3

was telling lies on him.

21.    The plaintiff called Becky Bates and reported the incident. Nothing was done about this matter and Kates was allowed to continue to work out his previously given notice until June 16, 2006.

22.    On June 11, 2006 the plaintiff went to work and during a conversation about my timecard she asked Michelle (Becky Bates' daughter and Teresa Bates' granddaughter) what was going to be done about Bill Kates' conduct. The conversation was held in the presence of Teresa Bates (one of the owners). Michelle's answer was that Kates' last day would be Friday.

23.    On June 15, 2006, the plaintiff learned that her name had been taken off the work schedule.

24.    On June 16, 2006, the plaintiff called Becky Bates to find out why she had been removed from the schedule. Becky Bates told the plaintiff that Teresa Bates did not want the plaintiff back there working and that the plaintiff should have left things alone since Kates was already planning to voluntarily leave on June 16, 2006.

25.    The plaintiff was subjected to sexual and gender harassment, which created a sexually hostile environment and was discharged because of retaliation for taking good faith steps to oppose said discrimination.

26.    This discrimination & retaliation was done in violation of Title VII of the 1964 Civil Rights Act and was done maliciously and with disregard to the plaintiff's federally protected rights.

## COUNT I: TITLE VII VIOLATIONS
## SEXUAL DISCRIMINATION, SEXUAL DISCRIMINATION
## AND RETALIATION

4

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above with the same force and effect as if fully set out in specific detail herein below.

28.     Defendant discriminated against the Plaintiff on the basis of her sex with respect to the terms, conditions and privileges of her employment as set out above, leading up to and including her termination. Plaintiff was subjected to sexual harassment which was unwelcome and so severe or pervasive as to alter the terms and conditions of her employment. The Defendant knew, or should have known, of Kates' sexual discrimination and/or sexual harassment of the Plaintiff and/or his proclivity for sexually harassing female employees, and did not take prompt, effective, remedial action.

29.     The Defendant retaliated against the Plaintiff by terminating her employment, as set out above, for her good faith actions of reporting, opposing, and/or refusing to participate in the sexually discriminating and harassing employment practices of the Defendant.

30.     The conduct of the Defendant was so severe or pervasive as to create a hostile working environment for the Plaintiff.

31.     All of the discrimination, harassment, and retaliation was done wilfully and with malicious and reckless disregard for the rights of the Plaintiff.

32.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay (plus interest), an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

33.     Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

5

## COUNT II: INVASION OF PRIVACY

34.     Plaintiff re-alleges and incorporates by reference paragraphs 1 - 33 above with the same force and effect as if fully set out in specific detail herein below.

35.     This is a claim arising under the law of the State of Alabama to redress violations by Defendant Kates of the Plaintiff's right to privacy and Defendant Bates' ratification of that conduct.

36.     The conduct of Defendant Kates as set out above, was an invasion of Plaintiff's privacy and proximately caused Plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from the Defendants.

37.     Defendant Bates' condoned, authorized, and/or ratified Defendant Kates' conduct in that it knew or should have known of the continuing tortuous invasion of privacy of the Plaintiff and failed to stop Defendant Kates' conduct.

## COUNT III: ASSAULT AND BATTERY

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 - 37 above with the same force and effect as if fully set out in specific detail hereinbelow.

39.     This is a claim arising under the law of the State of Alabama to redress violations for assault and battery against the Plaintiff by the individual defendant, Billy Kates, as more fully set out in the Statement of Facts previously set forth.

40.     The Plaintiff was subjected to harmful, rude and unwanted touchings by Kates.

41.     Kates acted with willfulness and/or malice in assaulting and battering the Plaintiff.

42.     The defendant Bates' House of Turkeys condoned, authorized, and/or ratified the

6

unlawful conduct of Kates.

<h2 style="text-align:center">COUNT IV: NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND RETENTION</h2>

43.    The Plaintiff re-alleges and incorporates by reference paragraphs 1 - 42 above with the same force and effect as if fully set out in specific detail herein below.

44.    This is a claim arising under the law of the State of Alabama to redress Defendant Bates' negligent and/or wanton hiring, supervision, training, and retention of Defendant Kates.

45.    Defendant Bates' negligently, wantonly and/or inappropriately hired Defendant Kates and/or negligently, wantonly and/or inappropriately failed to adequately supervise, and train Defendant Kates and other employees/agents of Defendant Bates' House of Turkeys.  Further, Defendant Bates' negligently and/or wantonly retained Defendant Kates which proximately caused Defendant Kates' harassment of, discrimination of and retaliation against the Plaintiff.

46.    Defendant Kates' harassment, discrimination, and retaliation of the Plaintiff caused her great emotional distress for which she seeks compensatory and punitive damages against the Defendants.

## VI.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant Plaintiff a declaratory judgment holding that actions of Defendant, Bates' House of Turkeys, described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII.

7

2.      Grant Plaintiff a permanent injunction enjoining Defendant, Bates' House of
Turkeys, its agents, successors, employees, attorneys and those action in concert with Defendant and on
Defendant's behalf from continuing to violate Title VII.

3.      Grant the Plaintiff an Order requiring the Defendants to make the Plaintiff whole
by awarding her the position she would have occupied in the absence of sexual harassment, sex
discrimination and/or retaliation (or front pay), backpay (plus interest), compensatory, punitive, and/or
nominal damages, and loss of benefits.

4.      The Plaintiff further prays for such other relief and benefits as the cause of justice
may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

**ANN C. ROBERTSON**
**TEMPLE D. TRUEBLOOD**
**Attorneys for the Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A
JURY.**

**OF COUNSEL**

8